IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PHILLIP MCGOWANS, | * |
| Petitioner, | * Civil Action No. RDB-16-3104 |
| v. | * Criminal Action No. RDB-15-0021 |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

On September 6, 2016, Phillip McGowans ("McGowans" or "Petitioner") filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF Nos.[1] 47, 54). McGowans challenges the sentence of 144 months that this Court imposed on October 21, 2015 on the grounds that the Government breached the plea agreement and that he received ineffective assistance of counsel. Specifically, McGowans claims that the Government breached the plea agreement by sentencing him pursuant to the guidelines for 18 U.S.C. § 924(c), even after the § 924(c) charge was dismissed, and that the Government failed to include the aiding and abetting provision in the plea agreement. McGowans also claims that his attorney failed to follow-up with him regarding an appeal and gave him faulty legal advice. On March 19, 2018, the Government filed a response in opposition to Petitioner's § 2255 Motion, to which Petitioner has not replied. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set

---

[1]  Docket citations herein refer to the Criminal Action No. 15-0021.

forth below, Petitioner's motion remains PENDING as to his claim that defense counsel failed to file an appeal as he requested and is DENIED as to the remainder of the claims asserted. An evidentiary hearing shall be scheduled regarding Petitioner's one pending claim.

## BACKGROUND

On July 27, 2015, McGowans pled guilty to Count One, Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. (ECF Nos. 19, 20.) The original version of the plea agreement required Petitioner to plead guilty to two Counts: (1) the Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and (2) Using, Carrying and Brandishing a Firearm during and in relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (ECF No. 20.) The Government ultimately dropped the § 924(c) charge, and the plea agreement was manually revised with the edits initialed. (*Id.*) Under the original version of the plea agreement, pursuant to Rule 11(c)(1)(C), the parties agreed that the appropriate sentence would be somewhere between 120 and 156 months. (*Id.* at 6.) On dropping the § 924(c) charge, the parties agreed that the appropriate sentence range had not changed. (*See id.* at 6 (noting initialed changes with range unmodified).) On October 21, 2015, McGowans was sentenced to 144 months imprisonment, which was within the agreed range. (ECF No. 31.) No appeal was filed.

On September 6, 2016, McGowans filed the pending motion in which he asserts that the Government breached the plea agreement and that he received ineffective assistance of counsel.

## LEGAL STANDARD

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff*

*Dept.*, No. 17-1249, 698 F. App'x 141, 142 (4th Cir. Oct. 5, 2017) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers").. Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, __ U.S. __, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

I.  **Breach of Plea Agreement**

Petitioner contends that the Government breached the plea agreement by not adjusting the guideline range after the plea agreement was revised to remove Count Two and requests resentencing without the 18 U.S.C. § 924(c) guideline enhancement. (ECF No. 47 at 3-4.) Petitioner also contends that the Government breached the plea agreement by failing to include the aiding and abetting provision in the plea agreement. (Ground One, ECF No. 54 at 5.)

The evidence contradicts Petitioner's contentions. McGowans pled guilty pursuant to a Rule 11(c)(1)(C) plea agreement. The original version of the plea agreement required McGowans to plead guilty to Count One, Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and Count Two, Using, Carrying and Brandishing a Firearm during and in relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). The original plea agreement was modified so McGowans did not plead guilty to Count Two. In addition to McGowans' initials on the plea agreement itself indicating his agreement, the modification as well as the sentencing range was confirmed by this Court at the beginning of McGowans' rearraignment:

> THE COURT: As I understand it, the defendant is the only defendant charged in a four-count criminal indictment in this case. And there has been a proffer of a plea of guilty to Count 1, the Hobbs Act robbery. But the original plea agreement has been modified, so the defendant is not pleading guilty to Count 2, a charge of using a firearm in furtherance of a crime of violence under 18 U.S.C., Section 924 (c).
>
> Is that correct, Mr. Hanlon?
>
> MR. HANLON: That's correct, Your Honor.

4

THE COURT: Correct, Ms. Dharia?

MS. DHARIA: That's correct, Your Honor.

THE COURT: All right. So with that, I'm ready to proceed in this matter.

Before we swear the defendant, let me just go over with you, Mr. McGowans, this plea is being proffered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

And, counsel, I gather that it is still the same agreed range of 10 to 13 years' incarceration or 120 to 156 months; is that correct?

MR. HANLON: That is correct, Your Honor.

THE COURT: Correct, Ms. Dharia?

MS. DHARIA: Correct, Your Honor.

THE COURT: Mr. McGowans, I'm certainly willing to accept the plea under those terms. And what that means is that if I'm inclined to sentence you to one day less than 120 months, the Government can seek to withdraw from this arrangement.

Do you understand that?

THE DEFENDANT: Yes

THE COURT: Keep your voice up.

Do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: By the same token, if I'm inclined to sentence you to one day more than 13 years in prison, one day more than 156 months, you would be free to withdraw your plea of guilty.

Do you understand that?

THE DEFENDANT: Yes.

THE COURT: So I'll certainly accept this guilty plea with an agreed range of 10 to 13 years' incarceration.

5

(Rearr. Tr. 3-4, ECF No. 58.)

> Further, later in the rearraignment, this Court again confirmed:
>
>> THE COURT: And you've had occasion not only to read and discuss the plea agreement with Ms. Dharia before you signed it or with Ms. Boardman; but today with respect to a change so that you are not pleading guilty to Count 2 of the indictment, you've had occasion to review that as well with Ms. Dharia before you initialed the plea agreement; is that correct, Mr. McGowans?
>>
>> THE DEFENDANT: Yes.
>>
>> THE COURT: And this is the same agreement which you've signed?
>>
>> THE DEFENDANT: Yes.
>>
>> THE COURT: Has anyone made any other promises or assurances to you in an effort to induce you to plead guilty in this case other than what is set forth in the plea agreement letter?
>>
>> THE DEFENDANT: No.
>>
>> THE COURT: And are you satisfied that this agreement, as modified here today, is the complete agreement between you and the Government?
>>
>> THE DEFENDANT: Yes.

(*Id.* at 12.)

>> THE COURT: And then when you return here for sentencing before me on October the 28th of this year, I'll hear from both lawyers arguing as to where you should be sentenced within that range of 10 to 13 years.
>>
>> Do you understand that?
>>
>> THE DEFENDANT: Yes.

(*Id.* at 19.) This Court then discussed with counsel the details of the guideline calculations and how they had been modified, returning to McGowans:

6

> Now, pursuant to paragraph -- to those paragraphs in the plea agreement, there is an agreed range of sentence here of 120 to 156 months or 10 to 13 years.
>
> Do you understand, Mr. McGowans?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And as I've said, in the event that I reject that range, you'll be permitted to withdraw your plea of guilty under Rule 11(d) of the Federal Rules of Criminal Procedure.
>
> And at the time of sentencing, the Government will recommend a sentence within that range. And presumably if the Government's at a higher end of that range, Ms. Dharia will push hard to have me sentence you at the lower end of the range.
>
> Do you understand that?
>
> THE DEFENDANT: Yes.

(*Id.* at 19-21.) McGowans was also advised that he had waived his appeal of the sentence range as stated in the modified plea agreement. (*Id.* at 22.) McGowans agreed that he understood. (*Id.*)

"A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement is contractual and not based upon the Guidelines." *United States v. Williams*, 392 F. App'x 213, 216 (4th Cir. 2010). The contractual plea agreement, signed and initialed by Petitioner, with verbal confirmations of his agreement and understanding, stated: "The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of between 120 months imprisonment and 156 months imprisonment, as to Count One, in the custody of the Bureau of Prisons, is the appropriate disposition of this case." (Agrmt. 6 ¶ 7, ECF No. 20.) McGowans was sentenced to 144 months. Accordingly, there was no breach of agreement.

With regard to Petitioner's complaint that the aiding and abetting provision was not included in the plea agreement, "[a]iding and abetting is not itself a federal offense, but merely 'describes the way in which a defendant's conduct resulted in the violation of a particular law.'" *United States v. Barefoot*, 754 F.3d 226, 239 (4th Cir. 2014) (quoting *United States v. Ashley*, 606 F.3d 135, 143 (4th Cir.2010), and citing 18 U.S.C. § 2(a)). Aiding and abetting does not increase the penalty, is not an essential element of a charged offense, and does not need to be charged in an indictment. *Ashley*, 606 F.3d at 143; *United States v. Alexander*, 447 F.3d, 1290, 1299 (10th Cir. 2006). Therefore, there was no requirement for it to be specified in the plea agreement, and failing to include it does not constitute a breach of the plea agreement.

## II. Ineffective Assistance of Counsel

Petitioner asserts that his counsel was ineffective in four ways: (1) failure to advise Petitioner on the revised plea agreement; (2) failure to inform Petitioner on the elements and nature of Aiding and Abetting; (3) failure to file an appeal; and (4) failure to secure a just plea, allowing Petitioner to plead guilty, and allowing Petitioner to be sentenced to a term above the maximum sentence.

### A. Applicable Law

A freestanding claim of ineffective assistance of counsel may properly be asserted for the first time in a § 2255 petition. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To state a claim for relief based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of

reasonableness." *Id.* at 688. In making this determination, courts apply a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688–89. The second, or "prejudice" prong, requires that a petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F. 3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that the mere possibility of a different trial result does not satisfy the burden of proving prejudice. *Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

### B. Petitioner's Claims of Ineffective Assistance

#### 1. Revised Plea Agreement

Petitioner claims that his attorney failed to advise him in full of the revised plea agreement. However, as demonstrated above, the transcript of the rearraignment makes clear that Petitioner was fully advised by his counsel, he had read and discussed the revised plea agreement before signing and initialing the changes, and he was satisfied with his representation. (Rearr. Tr., ECF No. 58.) Petitioner provides no factual allegations that demonstrate otherwise. Therefore, this claim fails to overcome the presumption that Petitioner's counsel's actions fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

9

### 2. Aiding and Abetting

Petitioner also claims that his attorney failed to advise him on the elements and nature of Aiding and Abetting, 18 U.S.C. § 2. However, even if this Court accepts as true that Petitioner's counsel failed to advise him regarding aiding and abetting, Petitioner still must demonstrate prejudice as a result of the failure. Petitioner makes no allegations regarding how he was prejudiced by such a failure. As mentioned above, aiding and abetting is not a separate offense from the underlying crime, and if all the elements are present that are necessary to find Petitioner guilty of the crime, then Petitioner is properly convicted. *See United States v. Rashwan*, 328 F.3d 160, 165 (4th Cir. 2003). Therefore, this claim also fails to establish ineffective assistance of counsel.

### 3. Failure to File Appeal

Petitioner claims that he was denied effective assistance of counsel when his counsel failed to file a direct appeal after he had instructed her to do so. In the Fourth Circuit, "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). Like here, in *Poindexter*, the defendant signed a plea agreement, there was no appeal, and the defendant filed a § 2255 motion alleging that "he was denied the effective assistance of counsel when his attorney failed to file a timely notice of appeal after he unequivocally instructed his attorney to do so." *Id.* at 266. The *Poindexter* district court denied the motion without an evidentiary hearing. *Id.* at 267.

The Fourth Circuit vacated the district court's ruling,[2] indicating that in the absence of a hearing, it must assume the defendant had so instructed. *Id.* at 269.

Further, the Fourth Circuit has held that a district court errs in dismissing a § 2255 motion based on a claim of instructing counsel to file an appeal without holding an evidentiary hearing. *United States v. Witherspoon*, 231 F.3d 923, 927 (4th Cir. 2000). Therefore, this Court shall hold an evidentiary hearing to make findings of fact and determine if McGowans unequivocally requested an appeal to be filed and if so, whether defense counsel acted contrary to that instruction.

### 4. Failure to Secure a Just Plea

Finally, Petitioner claims that his counsel failed to secure a just plea, allowing him to plead guilty and be sentenced to a term above the maximum sentence. This claim lacks merit. Petitioner was charged with four counts—two counts of Hobbs Act Robbery (18 U.S.C. § 1951) and two counts of Possessing and Brandishing a Firearm in Furtherance of a Crime of Violence (18 U.S.C. § 924(c)). Petitioner's counsel secured him a plea agreement to only one count of Hobbs Act Robbery. The maximum sentence for Hobbs Act Robbery is 20 years. 18 U.S.C. § 1951(a). Petitioner was sentenced to 12 years. Therefore, Petitioner was not sentenced to a term above the maximum sentence. Further, by securing the Government's agreement to withdraw the § 924 (c) charges, Petitioner was liberated from the required consecutive mandatory sentences of five years for the first charge and 25 years for the second

---

[2] "[T]he remedy on § 2255 for ineffective assistance of counsel where counsel fails to note a requested appeal is to vacate the underlying judgment of conviction and reenter the judgment to permit the appeal period under Fed. R. App. P. 4(b) to run anew." *United States v. Glover*, 363 F. App'x 989, 991 (4th Cir. 2010).

charge. Such performance by counsel on Petitioner's behalf certainly "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

During his rearraignment, this Court carefully reviewed with Petitioner the rights that he was waiving by entering into a plea agreement. (Rearr. Tr., ECF No. 58.) Petitioner affirmed that he had access to the discovery in this case and understood the evidence the Government had available should he decide to proceed to trial. (*Id.* at 10, 23, 30.) Nevertheless, Petitioner chose to plead guilty. Based on his own sworn statements before this Court, Petitioner cannot credibly claim that no juror could have found him guilty. Accordingly, this claim of ineffective assistance of counsel also fails.

## III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because one of Petitioner's claims remains pending, this is not a "final order." This Court will issue a Final Order as to this § 2255 motion after an evidentiary hearing has

been held and will determine at that time whether to issue a certificate of appealability as to any of the claims that have been denied.

## CONCLUSION

For the foregoing reasons:

1. Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF Nos. 47, 54) is DENIED IN PART and remains PENDING IN PART.

    a. Petitioner's motion remains PENDING as to his claim that defense counsel failed to file an appeal as he requested.

    b. Petitioner's motion is DENIED as to the remainder of the claims asserted.

2. An evidentiary hearing shall be scheduled regarding Petitioner's pending claim.

Dated: June 4, 2019.

_____
Richard D. Bennett
United States District Judge