## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA                    *

   v.                                           *      Criminal Action No. RDB-15-21

PHILLIP THOMAS McGOWANS,                     *

   *Defendant.*                                *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM ORDER**

Before this Court is Petitioner Phillip Thomas McGowans's pro se Motion for Compassionate Release pursuant to 18 U.S.C. § 3582. (ECF No. 76). On October 21, 2015, Mr. McGowans was sentenced to 144-months' imprisonment after pleading guilty to one count of Hobbs Act robbery, with aiding and abetting as to that count, in violation of 18 U.S.C. § 1951(a) and § 2. (ECF No. 31.) On May 13, 2022, Mr. McGowans filed the pending Motion for Compassionate Release (ECF No. 76).

While that Motion was still pending, Petitioner was released. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (search by register number 58516-037). He has not been in the custody of the Bureau of Prisons since October 10, 2025. *Id.* Accordingly, the Court can no longer grant his requested relief of early release.

"'Simply stated, a case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The United States Court of Appeals for the Fourth Circuit has determined that requests for compassionate release under 18 U.S.C. § 3582 are rendered moot when an inmate is released. *See United States*

1

*v. Banks-Davis*, No. 21-6550, 2021 WL 4936206, at \*1 (4th Cir. Oct. 22, 2021) (citing *United States v. Chestnut*, 989 F.3d 222, 224–25 (2d Cir. 2021)); *see also United States v. Jackson*, No. 22-7140, 2023 WL 4758733, at \*1 (4th Cir. July 26, 2023) ("Because Jackson has already served his term of imprisonment, there is no longer a live controversy regarding the orders denying his motions for compassionate release and for reconsideration."). "When a case is moot, 'the court's subject matter jurisdiction ceases to exist.'" *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 749 (4th Cir. 2018) (quoting *S.C. Coastal Conservation League v. U.S. Army Corps of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015)).

As Mr. McGowans has served his sentence, his Motion (ECF No. 76) is moot and the Court now lacks subject matter jurisdiction over this matter. McGowans's pro se Motion for Compassionate Release is DENIED AS MOOT. It is SO ORDERED this 26th day of March 2026.

/s/

Richard D. Bennett
United States Senior District Judge